J-S22014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
            v.                        :
                                     :
                                   :
TYREE LIGON                     :
                                   :
          Appellant        :   No. 1194 EDA 2021

Appeal from the Order Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001138-2012

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:          **FILED JULY 27, 2022**

Tyree Ligon appeals from the June 17, 2021 order that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court offered the following summary of the history of this case:

> On April 11, 2014, following a jury trial presided over by Judge Sandy Byrd, [Appellant] was convicted of aggravated assault, carrying a firearms on a public street, carrying a firearm without a license, conspiracy, possession of an instrument of crime and possession of a firearm by a prohibited person.  On July 18, 2014, the court sentenced him to an aggregated term of imprisonment of fifteen to thirty years . . . followed by ten years

---

[1] Appellant prematurely filed his notice of appeal from the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss his petition without a hearing. Pursuant to Pa.R.A.P. 905(a)(5), the appeal is properly treated as filed as of the date of the PCRA court's subsequent order that dismissed the petition. We have amended the caption accordingly.

of probation. On July 12, 2016, the Superior Court affirmed his judgment of sentence. [***See Commonwealth v. Ligon***, 154 A.3d 851 (Pa.Super. 2016) (unpublished memorandum)]. [Appellant] did not seek review with the Pennsylvania Supreme Court.

On August 25, 2016, [Appellant] filed his first PCRA petition. Counsel was appointed and filed an amended PCRA petition on April 17, 2017. Following a hearing, the court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P 907 on November 3, 2017. His petition was dismissed on December 8, 2017. Upon appeal, the Superior Court affirmed the denial of his PCRA petition on March 11, 2019. [***See Commonwealth v. Ligon***, 206 A.3d 515 (Pa.Super. 2019)]. [Appellant] did not seek review with the Pennsylvania Supreme Court.

[Appellant] filed his second PCRA petitions on April 25, 2019. The court dismissed the petition on November 22, 2019, and the Superior Court dismissed the appeal for failure to file briefs on April 29, 2020.

On July 28, 2020, [Appellant] filed the instant *pro se* PCRA petition, his third. Pursuant to Pa.R.Crim.P 907, [Appellant] was served notice of this court's intention to dismiss his petition on April 30, 2021. A response to the court's 907 notice was received on May 24, 2021. [Appellant] filed a notice of appeal on June 2, 2021. This court dismissed his petition as untimely without exception on June 17, 2021.

PCRA court opinion, 2/2/22, at 1-2 (cleaned up).

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. Appellant raises the following question for our review: "Did the PCRA court err and abuse its discretion when it dismissed [Appellant]'s PCRA petition without a hearing, where Appellant's petition was timely and in accordance with [42] Pa.C.S. § 9545(b)(1)?" Appellant's brief at 4.

We begin with a review of the pertinent legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final in August 2016, thirty days after he failed to file a petition for allowance of appeal with our Supreme Court following this Court's affirmance of his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, his July 2020 petition was facially untimely by nearly three years, and Appellant was required to allege and prove a timeliness exception in order to confer jurisdiction upon the PCRA court. In his filings in the PCRA court and in this Court, Appellant has offered three arguments why his petition should not have been dismissed as untimely.

In his appellate brief, Appellant contends that his PCRA petition "was not time-barred because at no time during appellate review did he allow one year to lapse after a judgment." Appellant's brief at 7. However, as indicated above, the judgment in question is his judgment of sentence, and it became

final at the conclusion of **direct review**. His subsequent PCRA filings did not result in additional judgments and their pendency did not toll the one-year period for filing a timely petition. ***See Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) (rejecting argument that PCRA time limitation was tolled while a petition was pending). Accordingly, Appellant's claim that the instant petition was filed within one year of a judgment is unavailing.

In his PCRA petition, Appellant asserted both the government interference and newly-discovered facts timeliness exceptions. ***See*** PCRA Petition, 7/28/20, at 3 (citing 42 Pa.C.S. § 9545(b)(1)(i)-(ii)). Regarding government interference, Appellant alleged that the prior District Attorney Seth Williams "was convicted for corruption" and failed to disclose "evidence of corrupt [Philadelphia Police Detective Donald] Suchinsky [badge number] 9128 prior to trial or during trial." ***Id***. As for newly-discovered facts, Appellant indicated that we was not aware of this non-disclosed information until District Attorney Krasner so advised him on January 14, 2020.

Appellant attached to his petition the correspondence from the District Attorney's Office, as well as the misconduct disclosure indicating that, following a hearing on May 29, 2002, Detective Suchinsky was found guilty of making a false entry in a department report or record and another unspecified infraction, resulting in a fifteen-day suspension and transfer. ***Id***. at Exhibit A. Appellant contended that this evidence demonstrated a due process violation

warranting a new trial.[2] *Id*. at 2, 4. *See Brady v. United States*, 397 U.S. 742 (1969) (holding due process is violated when the prosecution suppresses evidence favorable to the defense).

In response to the PCRA court's Rule 907 notice, Appellant focused upon the § 9545(b)(1)(ii) newly-discovered facts exception, reiterating that he did not become aware of the fact of Detective Suchinsky's eighteen-year-old misconduct until the District Attorney's Office informed him of it on January 14, 2020. *See* Response to Rule 907 Notice, 5/24/21. While Appellant only vaguely reasserts that position in this Court, the Commonwealth argues it on his behalf. It maintains that, while Appellant may ultimately not prevail on

---

[2] As we recently explained, "Detective Suchinsky falsified details about a fire rescue in a police incident report to be nominated for a heroism commendation." *Commonwealth v. Watson*, 270 A.3d 1134 (Pa.Super. 2021) (non-precedential decision at 6). We observe that the *Watson* Court affirmed the denial of relief on the substantive after-discovered evidence claim, raised in a timely PCRA petition, agreeing with the PCRA court's determination that "evidence of a nine year old discipline for falsifying a report, involving a detective who was not a witness at trial, and who played no significant role in the identification of [the defendant] as the perpetrator, would not result in a different outcome." *Id*. (non-precedential decision at 7). *See also Commonwealth v. Lambert*, 884 A.2d 848, 854 (Pa. 2005) ("[T]here are three necessary components that demonstrate a violation of the *Brady* strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." (cleaned up)). While Detective Sushinsky's involvement in Appellant's case appears to be similar to that in *Watson*, as the Commonwealth properly observes, the merits of Appellant's substantive claim is not pertinent unless the timeliness issue is resolved in his favor. *See* Commonwealth's brief at 11. *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (discussed *infra*).

his substantive claim, or even be able prove that the newly-discovered facts exception applies, his petition contained sufficient allegations to warrant a hearing on the timeliness of the petition pursuant to § 9545(b)(1)(ii). **See** Commonwealth's brief at 9, 13.

Upon review of Appellant's PCRA petition and Rule 907 response, we discern no error on the part of the PCRA court in concluding that Appellant failed to plead and offer to prove either the governmental-interference or newly-discovered-facts timeliness exception. Our Supreme Court addressed the applicability of these exceptions to **Brady** claims as follows:

> Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. . . . [T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim . . ., the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (cleaned up). In other words, when faced with a facially-untimely PCRA petition alleging a **Brady** violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [suppressed evidence], and whether Appellant was duly diligent in seeking [that evidence]." **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

Our Supreme Court expressly delineated this requirement of a petitioner to allege both the timing of the discovery of the new evidence and the petitioner's diligence:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (cleaned up).

In the instant case, Appellant merely alleged that he did not know of Detective Suchinsky's misconduct until January 2020. He offered no explanation why he could not have learned of the 2002 misconduct prior to his 2014 trial, or at any earlier time within the past twenty years, upon the exercise of due diligence. Consequently, Appellant's July 2020 PCRA petition did not sufficiently allege either of the implicated timeliness exceptions. *See Commonwealth v. Smith*, 194 A.3d 126, 134 (Pa.Super. 2018) ("Appellant failed to demonstrate that he acted with due diligence in presenting his *Brady* claim . . . . This conclusion is fatal to his attempts to invoke the PCRA timeliness exceptions set forth in Section 9545(b)(1)(i) and (b)(1)(ii)."). The PCRA court, therefore, did not err in dismissing the petition as untimely, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022